UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MEDINA, JR.<br><br>        Plaintiff,<br><br>    v.<br><br>GUSTAVO MARTINEZ, et al.<br><br>        Defendants. | 1:23-cv-00935-EPG (PC)<br><br>ORDER DENYING MOTION TO APPOINT PRO BONO COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 6). |

Plaintiff is confined at the Fresno County Jail and is proceeding *pro se* in this civil action. Now before the Court is a single page filing from Plaintiff that, among other things, asks for an attorney to help him with this case. (ECF No. 6). The Court construes this as a motion to appoint pro bono counsel.

Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request that an attorney represent an indigent party in a civil case. However, the appointment of counsel in a civil case is not a constitutional right, and the Court cannot require an attorney to represent a party. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998); *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). Without a reasonable method of securing and compensating counsel, the Court will seek the voluntary assistance of counsel only in the most serious and exceptional circumstances. *Rand*, 113 F.3d at 1525.  In determining whether exceptional circumstances exist, "a district court must evaluate both the likelihood of success of the merits [and] the ability of the

1

[plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has reviewed the record in this case, and at this time, the Court is unable to determine that Plaintiff is likely to succeed on the merits of his claims. As for Plaintiff's ability to articulate his claims, the Court notes that Plaintiff's complaint is comprehensible and appears to concern rather understandable allegations of excessive force and the denial of medical care.

Accordingly, the Court will deny Plaintiff's motion to appoint pro bono counsel without prejudice.

The Court notes that Plaintiff's filing appears to also ask that Defendants be compelled to produce evidence, such as medical records and camera footage, related to the allegations in the complaint. To the extent that Plaintiff requests such relief, the Court will deny the request. Plaintiff has yet to submit a completed *in forma pauperis* application, which is required to progress this case. Plaintiff is reminded that his completed *in forma pauperis* application remains due within forty-five days of the Court's June 26, 2023 order. (ECF No. 4). Assuming this case progresses, Plaintiff will later have the opportunity to seek discovery from Defendants.

Accordingly, IT IS ORDERED that Plaintiff's motion to appoint pro bono counsel (ECF No. 6) is denied without prejudice. Further, to the extent that Plaintiff's filing requests any other relief, Plaintiff's request is denied.

IT IS SO ORDERED.

Dated:  **July 7, 2023**                              /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE