UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MEDINA JR.,<br><br>    Plaintiff,<br><br> v.<br><br>GUSTAVO MARTINEZ, et al.,<br><br>    Defendants. | Case No. 1:23-CV-00935-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF AN EXTENSION UNTIL APRIL 15, 2024 TO FILE AN AMENDED COMPLAINT OR OTHERWISE RESPOND TO THE COURT'S SCREENING ORDER |

    Plaintiff Robert Medina Jr. is confined in Fresno County Jail (FCJ) and proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on June 22, 2023. (ECF No. 1). Plaintiff alleged that he was beaten by three officers at FCJ and that he was not getting medical treatment for his injuries. (*Id.*) The Court screened his complaint on February 23, 2024. (ECF No. 17).

    At screening, the Court concluded that "[w]hile the allegations in the complaint likely do state at least a cognizable claim for excessive force in violation of the Eighth Amendment, it is not clear from the complaint who Plaintiff intends to sue. Plaintiff names certain officers, but does not state if the officers are the ones involved in the incident." (ECF No. 17 at 1–2). The Court granted Plaintiff thirty days to either file an amended complaint or file a statement with the Court stating that he wished to stand on his complaint and have it reviewed by a district judge. (*Id.* at 2).

On March 11, 2024, Plaintiff filed a letter with the Court (ECF No. 18), which referenced several of the names of the officers listed as defendants in Plaintiff's complaint. Plaintiff states in the letter that it was J. Alvarez who threw Plaintiff against the wall and hit him, then "they" taken turns hitting Plaintiff, and that he was not seen by "mental health staff" or "others staff." (*Id.* at 2). Plaintiff asks the Court to "give [him] some time to get some witnesses or other report . . . " (*Id.*)

To the extent Plaintiff attempts to amend his complaint by filing this letter, this amendment is denied. As the Court stated in its screening order, "an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220." (ECF No. 17 at 7); Local Rule 220 ("Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.").

The Court will grant Plaintiff additional time, until April 15, 2024, to file an amended complaint or otherwise respond to the Court's Screening Order. (ECF No. 17). The Court notes that Plaintiff does not need to submit any exhibits, reports, or evidence with his complaint. Plaintiff may allege facts in his complaint without providing evidentiary support.

Based on the foregoing, the Court **ORDERS** that:

1. Along with this Order, the Clerk of Court is directed to send Plaintiff (1) a blank civil rights complaint form and (2) a copy of Plaintiff's complaint, filed June 22, 2023;
2. Plaintiff is granted an extension of time until April 15, 2024, to either:
   a. File a First Amended Complaint; or
   b. Notify the Court in writing that he wants to stand on his First Amended Complaint.
3. Should Plaintiff choose to amend his complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:23-cv-00935-

EPG (PC). Any amended complaint must be complete in itself and cannot reference, seek to incorporate, or attach as an exhibit Plaintiff's original complaint. The proposed amended complaint must name all Defendants and list all claims that Plaintiff wishes to bring.

4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **March 12, 2024**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE