UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MEDINA, JR., <br><br> Plaintiff, <br><br> v. <br><br> GUSTAVO MARTINEZ, et al., <br><br> Defendants. | Case No. 1:23-CV-00935-EPG (PC) <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING PLAINTIFF'S REQUESTS FOR APPOINTMENT OF COUNSEL <br><br> (ECF Nos. 21, 22) <br><br> THIRTY (30) DAY DEADLINE TO FILE A COMPLETE AMENDED COMPLAINT ON THE CIVIL RIGHTS COMPLAINT FORM |

**I.     BACKGROUND**

Plaintiff Robert Medina Jr. is confined in Fresno County Jail (FCJ) and proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on June 22, 2023. (ECF No. 1). Plaintiff alleged that he was beaten by three officers at FCJ and that he was not getting medical treatment for his injuries. (*Id.*)

The Court screened his complaint on February 23, 2024. (ECF No. 17). The Court explained that Plaintiff's complaint lacked many details about the incident, including what

happened and which of the named defendants were involved. The Court also provided Plaintiff relevant legal standards and instructions for filing an amended complaint.

Since that time, Plaintiff has filed multiple letters to the Court as well as a First Amended Complaint (FAC). For example, on March 11, 2024, Plaintiff filed a letter with the Court that referenced several of the names of the officers listed as defendants in Plaintiff's complaint. (ECF No. 18). Plaintiff stated in the letter that it was J. Alvarez who threw Plaintiff against the wall and hit him, then "they" taken turns hitting Plaintiff, and that he was not seen by "mental health staff" or "others staff." (*Id.* at 2). Plaintiff asked the Court to "give [him] some time to get some witnesses or other report . . . " (*Id.*) However, the letter was not on a complaint form and lacked information needed for a complaint.

The Court denied Plaintiff's request to the extent his letter was intended to amend his complaint. (ECF No. 19). The Court reminded Plaintiff that the amended complaint must be complete in itself without reference to the prior complaint. (*Id.* at 2). The Court cannot just add information from the letter to Plaintiff's complaint. The Court granted Plaintiff additional time, until April 15, 2024, to file an amended complaint or otherwise respond to the Court's Screening Order. (*Id.*) The Court sent Plaintiff a civil rights form to use for any amended complaint.

On April 3, 2024, Plaintiff filed First Amended Complaint (ECF No. 20), along with two letters to the Court, which the Court liberally construes as a Motion for Appointment of Counsel (ECF No. 21) and Motion to File Amended Complaint and for Appointment of Counsel. (ECF No. 22). The letters contain additional information about the incident, and also include inappropriate statements to the Court such as "I'll give up on it Have it your way do not write back at all I'll see them out there." (ECF No. 21 at 1).

**II.     PLAINTIFF'S AMENDED COMPLAINT**

Turning to Plaintiff's First Amended Complaint (ECF No. 20), although it is on the civil rights complaint form and is signed by Plaintiff under penalty of perjury, it does not contain a much of the information that was in Plaintiff's earlier complaint and letters to the Court.

In contrast, Plaintiff's letter to the court requesting to amend his complaint (ECF No. 22), as well as his earlier letter (ECF No. 18), include far more detailed allegations.

As the Court repeatedly informed Plaintiff in the past, the Court is unable to consider Plaintiff's letters as supplements to his complaint. (ECF No. 17 at 7; ECF No. 19 at 2). Plaintiff must file one amended complaint that has all the defendants, claims, and factual allegations Plaintiff wishes the Court to consider. *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc), Local Rule 220 ("Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.").

Accordingly, the Court will grant Plaintiff one more opportunity to file an amended complaint on the civil rights form, which should include *all* of the facts Plaintiff believes support his claim that defendants used excessive force. If Plaintiff does not file an amended complaint in that time, the Court will screen Plaintiff's First Amended Complaint filed on April 3, 2024, without considering any of the other letters or documents Plaintiff has submitted.

### III.    PLAINTIFF'S REQUESTS FOR APPOINTMENT OF COUNSEL

Plaintiff's letters (ECF Nos. 21, 22) also ask the Court to appoint a lawyer for him.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

It is too early in the case to determine Plaintiff's likelihood of success on the merits such that the interests of justice require the appointment of counsel. After the review of Plaintiff's allegations so far, it appears that the legal issues involved are not extremely complex. Accordingly, the Court denies Plaintiff's requests for appointment of counsel without prejudice.

**IV.    CONCLUSIONS AND ORDER**

Based on the foregoing, the Court **ORDERS** that:

1. Along with this Order, the Clerk of Court is directed to send Plaintiff a blank civil rights complaint form;
2. Plaintiff's Motion to File Amended Complaint and for Appointment of Counsel (ECF No. 22) is **GRANTED IN PART.** The Court will give Plaintiff 30 days to either:
    a. File a Second Amended Complaint on a civil rights complaint form, which is complete by itself; or
    b. Notify the Court in writing that he wants to stand on his First Amended Complaint.
3. Should Plaintiff choose to amend his complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:23-cv-00935-EPG (PC). Any amended complaint must be complete in itself and cannot reference, seek to incorporate, or attach as an exhibit Plaintiff's original complaint or letters. The proposed amended complaint must name all Defendants and list all claims that Plaintiff wishes to bring.
4. If Plaintiff does not file a Second Amended Complaint within 30 days, the case will proceed on Plaintiff's First Amended Complaint (ECF No. 20), which will be subject to screening by the Court, but the Court will not consider any additional facts and information Plaintiff has submitted in letters or other documents.

\\\
\\\

5.  Plaintiff's Motion to Appoint Counsel (ECF No. 21) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:  **April 11, 2024**                       /s/ Erin P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE