UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MEDINA JR., <br><br> Plaintiff, <br><br> v. <br><br> GUSTAVO MARTINEZ, *et al.*, <br><br> Defendants. | Case No. 1:23-CV-00935-EPG (PC) <br><br> FINDINGS AND RECOMMENDATIONS THAT THIS ACTION PROCEED ON PLAINTIFF'S EXCESSIVE FORCE CLAIM AGAINST DEFENDANTS G. MARTINEZ, J. ALVAREZ, AND MARTINEZ, AND THAT ALL OTHER CLAIMS BE DISMISSED <br><br> (ECF No. 24) <br><br> OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS <br><br> AND <br><br> ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Plaintiff Robert Medina Jr. is confined in Fresno County Jail (FCJ) and proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on June 22, 2023. (ECF No. 1). Plaintiff alleged that he was beaten by three officers at FCJ and that he did not get medical treatment for his injuries.

On February 23, 2024, the Court screened Plaintiff's complaint and found that "[w]hile the allegations in the complaint likely do state at least a cognizable claim for excessive force in violation of the Eighth Amendment, it is not clear from the complaint who Plaintiff intends to

1

1  sue. Plaintiff names certain officers, but does not state if the officers are the ones involved in
2  the incident." (ECF No. 17 at 1–2). The Court gave Plaintiff thirty days to either file an
3  amended complaint or notify the court that Plaintiff wants to stand on his original complaint.
4  (*Id.* at 8). Plaintiff filed a First Amended Complaint (FAC) on April 3, 2024 (ECF No. 20),
5  which was both preceded and followed by several letters to the Court and a motion to amend.
6  (*See, e.g.*, ECF No. 18, 22). The Court granted leave for Plaintiff to file Second Amended
7  Complaint to incorporate the facts he stated in his letters and FAC into the single verified
8  complaint. (ECF No. 23). Plaintiff filed Second Amended Complaint (SAC) on May 13, 2024
9  (ECF No. 24), which is now before the Court for screening.

The Court has reviewed the Second Amended Complaint. Plaintiff generally alleges that defendants, who are jail officers, had him facing the wall and hit him on the right side of his ribs. (*See generally* ECF No. 24). Plaintiff also states that he was not seen "by mental health" but alleges no further facts in support of that claim. (*Id.* at 4).

For the reasons described below, the Court will recommend that this action proceed on Plaintiff's excessive force claim against jail officers G. Martinez, J. Alvarez, and Martinez. The Court will recommend that all other claims be dismissed.

Plaintiff has thirty days from the date of these findings and recommendations to file his objections.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 12), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

**II.     SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff sues Gustavo Martinez, J. Alvarez, another per named Martinez, and J. Alvarez, all officers of Fresno County Sheriff's Office at Fresno County Jail. (ECF No. 24 at 1, 3).

Plaintiff alleges an excessive force claim. Plaintiff states that on December 15, 2022, Officer G. Martinez took Plaintiff out of his pod and threw him against the wall. (ECF No. 24 at 2, 6). He states the officers then beat him by hitting the right side of his ribs. (*Id.* at 2). He specifically states, "J. Alvarez had me 3 time on my right side of ribs." (*Id.*) Plaintiff also alleges that "all 3 officers" hit Plaintiff on his "right side ribs." (*Id.* at 4). On the next page, Plaintiff reiterates "all 3 officers had me facing the wall while officer Alvarez, J., first one to hit

me and Officer Martinez also hit me and Officer G. Martinez hit me one time on my right side and two time on head." (*Id.* at 5). Plaintiff also alleges that "Officer G. Martinez had me eat my shit." (*Id.* at 6).

In addition, Plaintiff states that he "was not seeing by mental health got beaten" (ECF No. 24 at 4), but alleges no other facts in support of that statement.[1]

### III.     LEGAL STANDARD FOR SECTION 1983 ACTIONS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th

---

[1] While the document shows some text was written in that section, it appears it has been erased.

Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

### IV. ANALYSIS OF PLAINTIFF'S CLAIMS

As a preliminary matter, it is not clear whether Plaintiff was a pretrial detainee or a sentenced prisoner at the time of the alleged incident[2] and therefore, whether his claims should be analyzed under the Fourteenth Amendment or the Eighth Amendment standard. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). As explained below, Plaintiff states an excessive force claim under either standard, and fails to state a claim for lack of medical care under either standard.

#### A. Excessive Force claim

If Plaintiff was a pretrial detainee at the time of the alleged incident, then "the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham*, 490 U.S. 386, 395, n.10 (1989). "In order to demonstrate excessive force, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). In determining whether the use of force was excessive, the court may consider factors such as "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003).

---

[2] Plaintiff's complaint does not state whether he was a pretrial detainee at the time, but his allegations that the incident happened when he was booked at Fresno County Jail suggest that he likely was.

5

1    If Plaintiff was a sentenced prisoner, then his claims should be analyzed under the
2 Eighth Amendment. "In its prohibition of 'cruel and unusual punishments,' the Eighth
3 Amendment places restraints on prison officials, who may not . . . use excessive physical force
4 against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[W]henever prison officials
5 stand accused of using excessive physical force in violation of the [Eighth Amendment], the
6 core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or
7 restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503
8 U.S. 1, 6–7 (1992).
9    When determining whether the force was excessive, the Court looks to the "extent of
10 injury suffered by an inmate . . . , the need for application of force, the relationship between
11 that need and the amount of force used, the threat 'reasonably perceived by the responsible
12 officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503
13 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). While *de minimis* uses of
14 physical force generally do not implicate the Eighth Amendment, significant injury need not be
15 evident in the context of an excessive force claim, because "[w]hen prison officials maliciously
16 and sadistically use force to cause harm, contemporary standards of decency always are
17 violated." *Hudson*, 503 U.S. at 9.
18    Plaintiff's SAC alleges that jail officers took Plaintiff out of his pod, threw him against
19 the wall, hit him in his ribs, and made him eat his own feces. Liberally construing these facts,
20 Plaintiff sufficiently describes force that was both objectively unreasonable and used for the
21 purpose of maliciously and sadistically causing harm. Therefore, Plaintiff sufficiently states a
22 claim under either the Fourteenth or the Eighth Amendment standard to proceed past screening.
23 Plaintiff's allegations in SAC also allege which defendants used this force against Plaintiff.
24 Therefore, the Court finds that Plaintiff may proceed on his excessive force claim against jail
25 officers G. Martinez, J. Alvarez, and Martinez.
26    **B.  Lack of Medical Care**
27    If Plaintiff was a pretrial detainee at the time of the alleged incident, then "the elements
28 of a pretrial detainee's medical care claim against an individual defendant under the due

6

1 process clause of the Fourteenth Amendment are: (i) the defendant made an intentional
2 decision with respect to the conditions under which the plaintiff was confined; (ii) those
3 conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did
4 not take reasonable available measures to abate that risk, even though a reasonable official in
5 the circumstances would have appreciated the high degree of risk involved—making the
6 consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the
7 defendant caused the plaintiff's injuries. With respect to the third element, the defendant's
8 conduct must be objectively unreasonable, a test that will necessarily turn[ ] on the facts and
9 circumstances of each particular case. The mere lack of due care by a state official does not
10 deprive an individual of life, liberty, or property under the Fourteenth Amendment. Thus, the
11 plaintiff must prove more than negligence but less than subjective intent—something akin to
12 reckless disregard." *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (alteration
13 in original) (footnote, citations, and internal quotation marks omitted).

14 If Plaintiff was a sentenced prisoner, then "to maintain an Eighth Amendment claim
15 based on prison medical treatment, an inmate must show 'deliberate indifference to serious
16 medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting *Estelle v.
17 Gamble*, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need'
18 by demonstrating that 'failure to treat a prisoner's condition could result in further significant
19 injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to
20 the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–
21 60 (9th Cir. 1992) (citation and internal quotations marks omitted), *overruled on other grounds
22 by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

23 Deliberate indifference is established only where the defendant *subjectively* "knows of
24 and disregards an *excessive risk* to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051,
25 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).
26 Deliberate indifference can be established "by showing (a) a purposeful act or failure to
27 respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."
28 *Jett*, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an

7

unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer*, 511 U.S. at 836–37 & n.5 (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi*, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Plaintiff's SAC states that he "was not seeing by mental health." (ECF No. 24 at 4). Besides the fact that this statement does not identify which defendant failed to treat him, this statement does not contain enough information to state a claim for lack of medical care under either the Fourteenth or the Eighth Amendment standard. It does not describe a serious medical need, or a purposeful act by any officer or medical staff to not respond to that medical need. It does not describe the circumstances that would establish that a reasonable official in that situation would have appreciated that plaintiff was at substantial risk of suffering serious harm. Therefore, the Court will recommend that this claim be dismissed.

## V.    CONCLUSION AND ORDER

The Court has screened the Second Amended Complaint (ECF No. 24) and finds that this action should proceed on the Plaintiff's claim of excessive force against defendants G. Martinez, J. Alvarez, and Martinez, all of whom are jail officers at Fresno County Jail. The Court finds that all other claims and defendants should be dismissed.

The Court will not recommend that further leave to amend be granted. In the Court's prior screening order (ECF No. 17), the Court identified deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint. Plaintiff filed his Second Amended Complaint with the benefit of the Court's screening order. Although Plaintiff cured some of the deficiencies identified by the

8

Court, it appears that further leave to amend would be futile.

Accordingly, **IT IS ORDERED** that the Clerk of Court shall assign a district judge to this case.

In addition, **IT IS RECOMMENDED** that:

1. This case proceeds on Plaintiff's claim of excessive force against defendants G. Martinez, J. Alvarez, and Martinez, all officers at Fresno County Jail.
2. All other claims and defendants be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 21, 2024**              /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

9