UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MEDINA, JR., <br><br> Plaintiff, <br><br> v. <br><br> GUSTAVO MARTINEZ, *et al.*, <br><br> Defendants. | Case No. 1:23-cv-00935-KES-EPG (PC) <br><br> ORDER PERMITTING LIMITED DISCOVERY |

Plaintiff Robert Medina, Jr. was confined in Fresno County Jail (FCJ) at the time the events giving rise to this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* on his Eighth Amendment claim against Defendants J. Alvarez, Gustavo Martinez, and First-Name-Unknown (FNU) Martinez. On September 13, 2024, waivers of service mailed to both Gustavo Martinez and FNU Martinez at FCJ by U.S. Marshals were returned unexecuted. (ECF No. 32). Notes indicate that G. Martinez is no longer at FCJ and that FNU Martinez could not be identified, and that more information is needed. (*Id.* at 1, 3). To be able to proceed against Defendants G. Martinez and FNU Martinez, Plaintiff must identify and serve these Defendants.

Although Federal Rule of Civil Procedure 26(d)(1) generally provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," a party may do so "when authorized . . . by court order." Here, the Court finds good

1

cause to permit Plaintiff to issue a subpoena duces tecum to a third party for the limited purpose of discovery identity and current addresses of Defendants G. Martinez and FNU Martinez for the claims that proceed in this case. *See Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 305 (E.D. Cal. 2016) (noting that a court may permit, for good cause, early discovery to learn the identities of Doe defendants).

Accordingly, the Court will allow Plaintiff to seek discovery through a subpoena *duces tecum* to request documents related to the identity and current addresses of Defendants G. Martinez and FNU Martinez. If Plaintiff wishes to use such a subpoena, within thirty days of this order, he should fill out forms AO 88B and USM-285 for each defendant, which the Court will have sent to Plaintiff, and return them to the Court. Once Plaintiff has completed and returned the forms, the Court will direct the United States Marshals Service to serve the subpoenas.[1] Plaintiff should identify the person or entity he is seeking the documents from and the documents he is seeking with specificity. Plaintiff should only request documents that may assist him in identifying and serving Defendants G. Martinez and FNU Martinez.[2] The Court notes that it may limit Plaintiff's request for production of documents.

Plaintiff has 120 days from the date of service of this order to identify and serve Defendants G. Martinez and FNU Martinez. Failure to serve Defendants by this deadline may result in the dismissal of Defendants G. Martinez and FNU Martinez. It is Plaintiff's responsibility to seek documents that would assist him in identifying and serving these Defendants during this period.

Accordingly, **IT IS ORDERED** as follows:

1. The Clerk of Court is directed to send Plaintiff two copies of form AO 88B (a subpoena form) and two copies of form USM-285 (a United States Marshals form for process receipt and return).

---

[1] If after being served with the subpoena, the responding person or entity fails to respond or objects to providing documents, Plaintiff may file a motion to compel. The motion must be filed with the Court and served on the responding person or entity.

[2] The Court is not opening discovery generally. It is only allowing Plaintiff to subpoena documents that may allow him to identify and serve Defendants G. Martinez and FNU Martinez.

2. If Plaintiff wishes to seek documents from a person or entity regarding Defendants G. Martinez and FNU Martinez, Plaintiff has **thirty days** from the date of this order to complete and return forms AO 88B and USM-285 for each defendant.

3. Plaintiff has **120 days** from the date of this order to identify and serve Defendants G. Martinez and FNU Martinez.

4. Plaintiff is not authorized to serve any other discovery outside the scope of this order without first filing a motion seeking leave to do so.

5. Failure to comply with this order may result in the dismissal of Defendants G. Martinez and FNU Martinez.

IT IS SO ORDERED.

Dated: **September 25, 2024**     /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE

3