UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MEDINA, JR.,<br><br>      Plaintiff,<br><br>   v.<br><br>GUSTAVO MARTINEZ, *et al.*,<br><br>      Defendants. | Case No. 1:23-cv-00935-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL WITNESS NAMES AND TO ISSUE SUBPOENA<br><br>(ECF Nos. 45, 51) |

   Plaintiff Robert Medina, Jr. was confined in Fresno County Jail (FCJ) at the time the events giving rise to this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* on his Eighth Amendment claim against Defendants J. Alvarez, Gustavo Martinez, and First-Name-Unknown (FNU) Martinez. Defendant Alvarez was served and answered Plaintiff's complaint. (ECF No. 37).

   Before the Court are Plaintiff's Motion to Compel Witness Names (ECF No. 45), requesting that the Court "ask the two officers who now are one-G Martinez and the 2nd one is J. Alvarez to give up the 3rd officer name at this time the third officer is unknown" and Plaintiff's Motion for Subpoena (ECF No. 51), requesting "the Court to ask Officer Alvarez J. to give up the other two officers." Plaintiff also asks the Court "to subpoena the hospital to give up the photo of [his] ribs being bruised." (ECF No. 51 at 1).

The Court is not a proper entity from which to seek discovery. However, the Court opened discovery with its Scheduling Order (ECF No. 50) issued on December 26, 2024. Plaintiff may seek discovery from Defendant Alvarez. For example, as stated in the Scheduling Order, Plaintiff may serve interrogatories on Defendant Alvarez, asking him to name the other two officers who assisted him on the day of the incident, or serve on Defendant Alvarez requests for production of documents, seeking the records and photos of the officers on duty that day.

As to Plaintiff's medical records and photos, the Court ordered Defendant Alvarez to produce "All of Plaintiff's medical records related to the incident(s) and/or condition(s) at issue in the case" within 30 days of the Order Requiring Parties to Exchange Documents (ECF No. 49) issued on December 26, 2024. The Court directed defense counsel to "obtain these documents from Plaintiff's institution(s) of confinement. If defense counsel is unable to do so, defense counsel should inform Plaintiff that a third party subpoena is required." (ECF No. 49 at 2 n.3). The time to comply with the order has not yet passed.

Accordingly, Plaintiff's Motion to Compel Witness Names (ECF No. 45) and Motion for Subpoena (ECF No. 51) are **DENIED**.

IT IS SO ORDERED.

Dated: __**January 22, 2025**__                /s/ Erica P. Grosjean
                                                                        UNITED STATES MAGISTRATE JUDGE

2