UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MEDINA, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>GUSTAVO MARTINEZ, *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-00935-KES-EPG (PC)<br><br>ORDER FOR DEFENDANTS TO RESPOND TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS<br><br>(ECF Nos. 53) |

  Plaintiff Robert Medina, Jr. was confined in Fresno County Jail (FCJ) at the time the events giving rise to this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* on his Eighth Amendment claim against Defendants J. Alvarez, Gustavo Martinez, and First-Name-Unknown (FNU) Martinez. Defendant Alvarez was served and answered Plaintiff's complaint. (ECF No. 37).

  On January 27, 2025, Plaintiff filed a Motion to Voluntarily dismiss this case. (ECF No. 53). Plaintiff states that "This is Medina" and that he is asking "to end this case" because he wants to "move on with [his] life." (*Id.* at 1).

  Federal Rule of Civil Procedure 41(a) "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants." *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 748 (9th Cir. 2008). Where a defendant has served an answer

or a motion for summary judgment but has not signed a stipulation to dismiss, a plaintiff's voluntary dismissal must be effected through Rule of Civil Procedure 41(a)(2). *See* Fed. R. Civ. P. 41(a); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1999). Rule 41(a)(2) provides in pertinent part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2); *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2003). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

In this case, Defendant Alvarez answered Plaintiff's complaint on October 25, 2024. (ECF No. 37). The other two defendants remain unserved, and have not appeared in this action. Defendant Alvarez has not signed a stipulation. Accordingly, the Court construes Plaintiff's Motion to Voluntarily Dismiss as a Motion under Rule 41(a)(2). Therefore, Alvarez shall be required to file a response to Plaintiff's notice of dismissal, either showing prejudice to defendant that will result from granting Plaintiff's motion; a statement that he does not object to the dismissal; or a stipulated dismissal with prejudice signed by all parties.

Accordingly, **IT IS ORDERED** that within fourteen days of this order Defendant Alvarez shall respond in writing to Plaintiff's for Voluntary Dismissal under Rule 41(a)(2).

IT IS SO ORDERED.

Dated:  **January 28, 2025**            /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE